IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH EUGENE STEVENSON,

    Petitioner,

vs.

DERRAL G. ADAMS, et al.,

    Respondents.

                             /

No. CIV S-07-2278 GEB JFM P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondents' motion to dismiss this action as barred by the one year statute of limitations. See 28 U.S.C. § 2244(d).[1]

/////

/////

---

[1] Petitioner has also filed a motion for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's motion for appointment of counsel will be denied.

1

Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On July 19, 2005, petitioner was convicted pursuant to a guilty plea of charges of lewd or lascivious acts with a child under fourteen years in violation of California Penal Code § 288(a). On the same day, petitioner was sentenced to twenty-five years to life in prison. Petitioner did not appeal his conviction or sentence.

/////

/////

/////

/////

2. On May 18, 2006, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court.[2]  See Lodged Document No. 2.[3]  That petition was denied by order filed July 17, 2006.  See Lodged Document No. 3.

3. On February 13, 2007,[4] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  See Lodged Document No. 4.  That petition was denied by order filed February 22, 2007.  See Lodged Document No. 5.

4. On March 9, 2007, petitioner filed a petition for review in the California Supreme Court.[5]  See Lodged Document No. 6.  On May 9, 2007, the California Supreme Court denied review.  See Lodged Document No. 7.

5. On October 17, 2007, petitioner filed the instant federal habeas corpus petition.[6]

Petitioner's conviction became final on September 17, 2005, when the sixty day period for filing a direct appeal expired.  28 U.S.C. § 2244(d)(1); Cal Rules of Court, Rule 8.308.  The federal limitation period started to run the next day.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The limitation period was tolled on May 18, 2006, when petitioner filed his first state habeas corpus petition.  Respondents contend that the limitation period was only tolled during the pendency of the first state petition but not during the pendency of the

---

[2]  May 18, 2006 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing.  See Lodged Document No. 2.  Under the mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[3]  All documents identified as Lodged Documents were filed by respondents in this action on March 13, 2008.

[4]  February 13, 2007 is deemed the filing date of this petition pursuant to the mailbox rule.  See footnote 1, supra.

[5]  March 9, 2007 is deemed the filing date for said petition.  See footnote 1, supra.

[6]  October 17, 2007 is deemed the filing date of petitioner's federal habeas corpus petition.

1  petitions filed by petitioner in the state court of appeal or the state supreme court.  Respondents
2  contend that petitioner's second and third petitions were filed after the limitation period expired
3  and that neither petition revived the expired period.
4         As a general rule, the limitation period is tolled "while a California petitioner
5  'complete[s] a full round of [state] collateral review.'"  <u>Delhomme v. Ramirez</u>, 340 F.3d 817,
6  819 (9th Cir. 2003) (quoting <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "The time
7  an application is 'pending' during this round also includes the interval between the disposition of
8  a post-conviction habeas petition and the filing of appeal or habeas petition at the next state
9  appellate level" unless the petitioner "delayed unreasonably" in proceeding from a lower state
10  court to a higher state court.  <u>Delhomme</u>, at 189 (citing <u>Carey v. Saffold</u>, 536 U.S. 214, 224, 226
11  (2002)).  "[T]he length of time available for interval tolling between California state habeas
12  applications is determined by state law."  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1043 (9th Cir. 2005).
13         Citing <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), respondents contend that the delay
14  between the denial of petitioner's state superior court habeas petition and the filing of his state
15  court of appeal habeas petition was unreasonable.  The delay between these two proceedings was
16  approximately seven months.  The court need not decide whether that delay was unreasonable
17  because even if the limitation period was tolled for the entire period from May 18, 2006, when
18  petitioner filed his first state habeas corpus petition, until May 9, 2007, when the California
19  Supreme Court denied review the instant action is still time-barred.  After the limitation period
20  commenced, two hundred forty-two days elapsed before petitioner filed his first state habeas
21  corpus petition.  Thus, petitioner had one hundred twenty-three days after the May 9, 2007 denial
22  of his state supreme court petition for review in which to file his federal habeas corpus petition.
23  The instant action was filed on October 17, 2007, approximately one hundred sixty days after the
24  state supreme court denied review and approximately thirty-seven days after the federal statute of
25  limitations expired.  Petitioner has made no showing that would entitle him to equitable tolling of
26  the limitation period.  <u>Cf</u>. <u>Harris v. Carter</u>, 515 F.3d 1051 (9th Cir. 2008) (equitable tolling of the

4

limitation period "typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.")

For all of the foregoing reasons, this action is barred by the statute of limitations. Accordingly, respondents' motion to dismiss should be granted.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's April 4, 2008 motion for appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that:

1. Respondents' March 10, 2008 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2008.

UNITED STATES MAGISTRATE JUDGE

12
stev2278.mtd